# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| CHRISTOPHER DAVID WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV409-059 |
| ) | |
| JUDGE MICHAEL KARPF, and ) | |
| THE CITY OF SAVANNAH, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Inmate/plaintiff Christopher David White brings this 42 U.S.C. § 1983 action against a state court judge and the City of Savannah, Georgia. Doc. 1. Seeking money damages for "false imprisonment," *id.* at 6, he alleges that the judge illegally added a charge to his probation violation in a State Court criminal case against him. *Id.* at 5. White thus wound up serving nine months more time than legally permitted. *Id.* He evidently names the City as a co-defendant because he believes it is the judge's employer (but it is not, as Karpf is a *state* court judge).

The Court concludes that this case must be dismissed under 28 U.S.C. § 1915(e)(2)(B) prior to service of process.[1] Judge Karpf is absolutely immune from suit[2] and, even if the City was his employer, no respondeat superior liability exists in § 1983 cases. *See Snow ex rel. Snow v. City of Citronelle*, 420 F.3d 1262, 1270 (11th Cir. 2005) ("A municipality may not be held liable under section 1983 on a theory of respondeat superior."). Nor has White alleged the requisite custom, policy, or practice needed to support liability upstream to any governmental employer: "It is only when the execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under [section] 1983." *Id*. at 1271 (quotes and cites omitted).

---

[1] Previously, this Court granted White (a jail detainee) leave to proceed in forma pauperis, Doc. 3. Hence, the Court must now screen his complaint under 28 U.S.C. § 1915(e)(2)(B) (i)-(iii) (requiring courts to dismiss a prisoner's civil action prior to service of process if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief).

[2] "The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir.1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Moreover, this immunity applies even when the judicial acts are done maliciously or corruptly. *Id*. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir.1986)." *Bedwell v. Hand*, 2009 WL 1151862 at * 1 (M.D.Ala. Apr. 29, 2009) (unpublished).

Accordingly, Christopher David White's complaint should be **DISMISSED WITH PREJUDICE**, and this case should constitute a second 28 U.S.C. § 1915(g) "strike." *See White v. Karpf*, CV408-217 (S.D.Ga. dismissal judgment entered May 6, 2009) (constituting White's first strike).

**SO REPORTED AND RECOMMENDED** this <u>13th</u> day of May, 2009.

<u>/s/ G.R. SMITH</u>
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**